IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00149-MR

DASHA CLARK NORMAN,        )
                           )
        Plaintiff,         )
                           )
vs.                        )
                           )
WAYNE BROWN,[1]            )     **ORDER**
                           )
        Defendant.         )
_____)

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff, who is presently serving a sentence of between seven and one-half years and ten years for offenses including violation of a protective order, habitual misdemeanor assault, and obstructing justice, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred in Transylvania County.[2] [Doc. 1]. He names as the sole

---

[1] The Plaintiff misspells the Defendant's first name as "Wayn." The clerk will be instructed to correct the Defendant's name in the Court's record.

[2] The Plaintiff has filed two copies of the Complaint, one of which is on a § 1983 form and the other of which appears to be a handwritten copy. The citations to the Complaint that are contained in this Order refer to the version of the Complaint that is on a § 1983 form, as the fully handwritten copy is less legible. [Doc. 1 at 6-10].

Defendant Wayne Brown, a Transylvania County magistrate. He claims that Defendant Brown violated his equal protection and due process rights as follows:

> I was arrested for a crime I did not commit. I made bond and while still bleeding from head, neck, and shoulders from stab wounds inflicted by my girlfriend who came to my residents and brutally assaulted me. I tried to press charges and Wayn Brown refused to charge [her] with a crime (March, April 2019).

[Id. at 7] (errors uncorrected).

As injury, he claims:

> Due to Magistrate Wayn Brown's refusal to allow me use of the legal system, my story was never heard. I was later indicted on a hand full of factitious charges brought by the state only I was assaulted in the jail and badly injured. My reputation further damaged. I was forced into an Alford plea for 90-120 months. The DA said if I didn't take that she garanteed 52 years so I signed. For fear my record was against me. It was self defense in my own home.

[Id. at 8] (errors uncorrected). He seeks damages. [Id. at 10].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to name as the sole Defendant a Transylvania County magistrate. However, judicial opfficers are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts

even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Even if Defendant Brown were not immune from suit, these claims would fail initial review. The Plaintiff claims that his due process and equal protection rights were violated in that he was not allowed to insist that his alleged attacker be criminally charged. However, "in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution.") Therefore, Defendant Brown's refusal to charge the Plaintiff's alleged attacker did not implicate any of the Plaintiff's constitutional rights. See, e.g., Brown v. Rowan Cnty. Det. Ctr., 2012 WL 5338574 (M.D.N.C. Oct. 30, 2012) ("an inmate does not state a constitutional claim by alleging that he was denied

the right to press criminal charges); Harris v. Salley, 339 F. App'x 281 (4th Cir. 2009) (prisoner lacked equal protection right to have criminal proceedings instituted against § 1983 defendants).

To the extent that the Plaintiff claims that his rights were violated by way of his own criminal prosecution and conviction, this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994).[3] In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

---

[3] Further, to the extent that the Plaintiff suggests that someone other than Defendant Brown is liable for his criminal charges and/or conviction, his allegations are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").

5

Id. at 485-87 (footnotes omitted; emphasis added).

Success on the Plaintiff's present claims that he was not given the opportunity to fully defend his criminal case, and that he was forced to enter an Alford[4] plea, would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. See Ballard v. Burton, 444 F.3d 391, 397 (5th Cir. 2006) (an Alford plea is the procedural equivalent of a guilty plea). The Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his present challenge to his own criminal prosecution and conviction appear to be barred by Heck.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against the Defendant and the Complaint is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint

---

[4] North Carolina v. Alford, 400 U.S. 25 (1970).

in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to correct the Court record by substituting Wayne Brown for "Wayn Brown;" and to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 27, 2022

Martin Reidinger
Chief United States District Judge