IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00149-MR

| | |
|---|---|
| DASHA CLARK NORMAN, ) | |
| Plaintiff, ) | |
| vs. ) | |
| WAYNE BROWN, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.  BACKGROUND**

The pro se Plaintiff, who is presently incarcerated at the Mountain View Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint asserted due process and equal protection claims against a Transylvania County magistrate with regards to Plaintiff's criminal prosecution. [Doc. 1]. The Court dismissed the Complaint and granted the Plaintiff the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review.

The Plaintiff names as Defendants: Shelly Stroup and Shannon Case,[1] who are both correctional sergeants at the Transylvania County Detention Center (TCDC); and Hope Hollingsworth, a TCDF kitchen officer supervisor. [Doc. 10 at 2-3]. The Plaintiff asserts a claim for "[f]ailure to protect from violence…."[2] [Id. at 3]. As injury, he claims that: he lost consciousness; he received a five-inch gash on the back of his head; a tooth broke through his lip; his sight was damaged; he is still "not well"; his "attempts to change [his] reputation were attacked"; and he "received damage mentally and emotionally…." [Id. at 5]. He seeks punitive damages. [Id.].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

[1] Also referred to as "Capps." [Doc. 10 at 2].

[2] The Court also liberally construes the Amended Complaint to raise a retaliation claim.

2

Case 1:22-cv-00149-MR   Document 11   Filed 11/01/22   Page 2 of 10

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[3]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Amended Complaint refers to individuals who were not named as defendants in the caption as required by Rule 10(a) of the Federal

---

[3] The Amended Complaint includes allegations that are speculative, nonsensical, or so far afield from the topics at hand that they do not warrant separate discussion. [See, e.g., Doc. 10 at 12-13 ("for reasons I can only assume were due to Hope Hollingsworth's sexual preference and her fairness to me Sergeant Stroup placed a great deal of undue hardship upon Hope Hollingsworth on nearly a daily basis")].

3

Rules of Civil Procedure. [See, e.g., Doc. 10 at 12-13, 15 (referring to Lt. Mcall, Janice Morgan, and Nurse Laura); see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). The allegations directed at individuals not named as defendants are, therefore, dismissed without prejudice.

B. **Failure to Protect**

The Plaintiff claims *inter alia* that Defendant Stroup, who is in charge of kitchen functions, "spread rumors" and throughout the jail and made "false accusations" that were "defamatory in the capacity of [Plaintiff's kitchen] job, and were dismissed after being proven false"[4] [Doc. 10 at 12]; that Defendant Case repeatedly attempted to incite violence by telling inmate Oshields and others that Plaintiff "snitched" on Oshields and needed to be beaten, and that Oshields violently attacked the Plaintiff [id. at 13]; that Defendant Hollingsworth "misread" Oshields' "prevocations [sic] and threats of violence" as banter, failed to intervene when Oshields attacked the Plaintiff in

---

[4] If these allegations were construed as attempting to state a retaliation claim, they are insufficient to proceed for the reasons discussed in Section C, *infra*.

4

Hollingsworth's presence, and failed to call a "code" for assistance until the attack was over [id. at 15]; and that he was "badly damaged" in the attack, requiring treatment at the hospital [id.].

The Eighth Amendment imposes on prison officials a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Id. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that he has stated a claim for failure to protect against Defendants Case and Hollingsworth. However, the allegations against Defendant Stroup are too vague and conclusory to proceed. The Plaintiff has not alleged any facts to

5

Case 1:22-cv-00149-MR   Document 11   Filed 11/01/22   Page 5 of 10

plausibly suggest that the "rumors" and "false accusations" by Defendant Stroup placed the Plaintiff at risk of serious harm, that Stroup knew of, and was deliberately indifferent to, a substantial risk of harm to the Plaintiff, or that he suffered a serious or significant physical or emotional injury as a result.

Accordingly, the Plaintiff's failure to protect claim has passed initial review against Defendants Case and Hollingsworth, but such claim will be dismissed without prejudice as to Defendant Stroup.

### C. Retaliation

The Plaintiff appears to claim that after he filed a kiosk grievance that "the kitchen spread rumors," Defendant Stroup retaliated by instructing Defendant Hollingsworth to make the Plaintiff clean up fecal matter from a wheelchair without telling the Plaintiff it was feces, while Plaintiff was dressed for his kitchen job [Doc. 10 at 12]; and that after Oshields attacked the Plaintiff, the Plaintiff lost his job but Oshields was allowed to keep his job [id. at 15].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for

exercising a constitutional right.  See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978).  In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."  Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citation omitted).  The second element of a retaliation claim requires an action by the defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights," however a "*de minimis* inconvenience" is insufficient. Constantine v. Rectors & Visitors George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005) (quoting ACLU of Md., Inc. v. Wicomico Cnty, Md., 999 F.2d 780, 786 n.6 (4th Cir. 1993)).  Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim.  Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, in the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct."  Id.

The Plaintiff's vague and conclusory allegations are insufficient to state a retaliation claim.  See Adams, 40 F.3d at 74.  Further, the allegedly retaliatory action by Defendant Stroup would not likely deter a person of

7

ordinary firmness from exercising his First Amendment rights. See, e.g., Williams v. Calton, No. 7:10-cv-75, 2010 WL 3785786 (W.D. Va. Sept. 28, 2010) (assignment to segregation that entailed limited library time and limited telephone privileges did not rise above the level of *de minimis* inconvenience). With regard to the Plaintiff's kitchen job, he fails to allege any facts that would plausibly suggest that his job loss was attributable to any Defendant, or that there is a causal relationship between the job loss and any First Amendment activity. Therefore, to the extent that the Plaintiff attempts to state retaliation claims, they are dismissed.

### D. Additional Claims

The Amended Complaint refers in passing to negligence, rude behavior, and prison policy and procedure. [See, e.g., Doc. 10 at 12-13 ("Sergeant Stroup was rude, hostile, and angry on a daily basis and this seemed to cause Hope Hollingsworth to be very withdrawn and negligent;" referring to "procedure" and "policy")]. It does not appear that the Plaintiff intended for these allegations to serve as independent claims. Even if he did intend to do so, they are not cognizable. See generally Davidson, 474 U.S. at 347-48 (a showing of negligence does not rise to the level of deliberate indifference); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal

8

Case 1:22-cv-00149-MR    Document 11    Filed 11/01/22    Page 8 of 10

prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"); Wilson v. McKeller, 254 F. App'x. 960, 961 (4th Cir. 2007) ("threats or verbal abuse, without more, do not state a cognizable claim under § 1983"). Accordingly, these allegations are dismissed as frivolous and for failure to state a claim.

## **ORDER**

The Plaintiff has stated a claim for failure to protect against Defendants Case and Hollingsworth. The remaining claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Case and Hollingsworth, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 10] passes initial review against Defendants Case and Hollingsworth for failure to protect.
2. The remaining claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Case and Hollingsworth, who are alleged to be current or former employees of NCDPS.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge